The Honorable Mike Huckabee Lieutenant Governor State Capitol, Suite 270 Little Rock, AR 72201
Dear Mr. Huckabee:
This is in response to your request for an opinion on the constitutionality of Act 5 of 1993. Specifically, you ask if the legislature can constitutionally require the Governor to file notice with the Secretary of State 30 days prior to granting a pardon, a commutation of sentence, or a remission of fine or forfeiture. Act 5 is codified at A.C.A.16-93-207 (Cum. Supp. 1993), and provides in relevant part:
(a) At least thirty (30) days before granting an application for pardon, commutation of sentence, or remission or fine or forfeiture, the Governor shall file with the Secretary of State a notice of his intention to grant such application. The filing of such notice shall not preclude the Governor from later denying the application, but any pardon, commutation of sentence, or remission of fine or forfeiture granted without filing such notice shall be null and void.
* * *
You express concern that Act 5 constitutes an attempt of the Legislature to regulate powers granted to the Governor under the Constitution. If so, you ask whether the provisions of Act 5 must be accomplished through the amendment process.
The power to grant pardons, commutations of sentence, and remissions of fine or forfeiture is granted to the Governor in Article 6, Section 18 of the Arkansas Constitution, which provides in pertinent part that:
In all criminal and penal cases, except in those of treason and impeachment, the governor shall have power to grant reprieves, commutations of sentence and pardons after conviction; and to remit fines and forfeitures under such rules and regulations as shall be prescribed by law. [Emphasis added.]
It is clear that the power to grant pardons rests solely with the Governor. This office has previously opined, however, that reasonable regulation by the legislature of the Governors clemency power does not deprive the Governor of his power granted under the constitution. I am attaching Ops. Atty. Gen. 90-332 and 91-129, which conclude that at least certain types of legislative regulation are not unconstitutional. These opinions cite cases in which the Arkansas Supreme Court has reached the same conclusion on this issue. See Horton v. Gillespie,170 Ark. 107, 279 S.W. 1020 (1926) and Baldwin v. Scoggins, 15 Ark. 427
(1855). As stated in these opinions, the validity of legislative regulations in this regard, depends upon the specific nature and content of those provisions. The test is whether the regulations would substantially deprive the executive of his power of executive clemency. See Horton, supra.
It is my opinion that Act 5 of 1993 does not deprive the Governor of his power of executive clemency, and thus is constitutional.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General